**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Illinois

Case number (*if known*): _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | good natured Products (CAD) Inc |

| | | |
|---|---|---|
| 2. | **Debtor's unique identifier** | **For non-individual debtors:** |

☐ Federal Employer Identification Number (EIN)    ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other 855183430 . Describe identifier Business Number .

**For individual debtors:**

☐ Social Security number: xxx – xx– ___ ___ ___ ___

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ___ ___ ___ ___

☐ Other _____ . Describe identifier _____ .

| | | |
|---|---|---|
| 3. | **Name of foreign representative(s)** | Good Natured Products Inc |

| | | |
|---|---|---|
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | No. S-244212; Supreme Court of British Columbia |

| | | |
|---|---|---|
| 5. | **Nature of the foreign proceeding** | *Check one:* |

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

| | | |
|---|---|---|
| 6. | **Evidence of the foreign proceeding** | |

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____
_____

| | | |
|---|---|---|
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** | ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.) |

☑ Yes

| Debtor | good natured Products (CAD) Inc | Case number *(if known)* |
|--------|--------------------------------|--------------------------|
| | Name | |

---

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Canada

**Debtor's registered office:**

5 Abacus Road
Number      Street

P.O. Box

Brampton,                    ON  L6T 5B7
City          State/Province/Region      ZIP/Postal Code

Canada
Country

**Individual debtor's habitual residence:**

Number      Street

P.O. Box

City          State/Province/Region      ZIP/Postal Code

Country

**Address of foreign representative(s):**

814-470 Granville Street
Number      Street

P.O. Box

Vancouver,                    BC V6C 1V5
City          State/Province/Region      ZIP/Postal Code

Canada
Country

---

**10. Debtor's website (URL)**

https://goodnaturedproducts.com/

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other.  Specify: _____

☐ Individual

---

| Debtor | good natured Products (Illinois) LLC | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____ .

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____ .

---

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ /s/ Paul Antoniadis _____      Paul Antoniadis _____
    Signature of foreign representative            Printed name

Executed on    07/01/2024 _____
           MM / DD / YYYY

✗ _____      _____
    Signature of foreign representative            Printed name

Executed on    _____
           MM / DD / YYYY

---

**14. Signature of attorney**

✗ /s/ Thomas B. Fullerton _____    Date    07/01/2024 _____
    Signature of Attorney for foreign representative          MM / DD / YYYY

Thomas B. Fullerton _____
Printed name

Akerman LLP _____
Firm name

71 South Wacker Drive, 47th Floor _____
Number      Street

Chicago _____ Ill _____ 60606 _____
City                            State     ZIP Code

(312) 634-5726 _____      thomas.fullerton@akerman.com _____
Contact phone                       Email address

6296539 _____      IL _____
Bar number                        State

---

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| GOOD NATURED PRODUCTS INC., | ) | |
| *et al.*,[1] | ) | Case No. |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | (Joint Administration Requested) |
| | ) | |

## OFFICIAL FORM 401 CHAPTER 15 PETITION CONSOLIDATED ATTACHMENTS

Item 6.  Certified English translations of the decisions commencing the foreign proceeding, appointing the foreign representatives, and granting them additional powers.

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are:  good natured Products Inc. (9782); good natured Real Estate Holdings (Ontario) Inc. (9738); 1306187 B.C. Ltd. (9102); good natured Products (CAD) Inc. (3430); good natured Products Packaging Canada GP Inc. (0013); good natured Products Packaging Brampton GP Inc. (1615) ; good natured Products Industrial Canada GP Inc. (9542); good natured Products Packaging Canada LP (5943); good natured Products Packaging Brampton LP (5141); good natured Products Industrial Canada LP (5344); good natured Products (Illinois), LLC (1986); good natured Products Real Estate U.S., LLC (5490); good natured Products (US) Inc. (7740); good natured Products Packaging US LLC (5490); good natured Products Direct LLC (0622); good natured Products (Texas) LLC (2342).

SUPREME COURT
OF BRITISH COLUMBIA
VANCOUVER REGISTRY

JUN 2 8 2024

ENTERED

SUPREME COURT
OF BRITISH COLUMBIA

S E A L

VANCOUVER
REGISTRY

S -244212

No. _____
Vancouver Registry

## IN THE SUPREME COURT OF BRITISH COLUMBIA

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36

AND

IN THE MATTER OF THE *BUSINESS CORPORATIONS ACT*,
S.B.C. 2002, c.57, AS AMENDED

AND

IN THE MATTER OF GOOD NATURED PRODUCTS INC., & THOSE ENTITIES LISTED
IN SCHEDULE "A"

PETITIONERS

## O R D E R MADE AFTER APPLICATION

| | | |
|---|---|---|
| BEFORE THE HONOURABLE | ) | |
| MADAM JUSTICE FITZPATRICK | ) | 2024/06/28 |
| | ) | |

THE APPLICATION of the Petitioners coming on for hearing at Vancouver, British Columbia,
on the 28th day of June, 2024 (the "**Order Date**"); AND ON HEARING Mary Buttery, counsel
for the Petitioners and those other counsel listed on Schedule "B" hereto; AND UPON READING
the material filed, including the First Affidavit of Paul Antoniadis sworn June 27, 2024 (the "**First
Antoniadis Affidavit**") and the consent of Alvarez & Marsal Canada Inc. ("**A&M**") to act as
Monitor; AND pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36 as
amended (the "**CCAA**"), the British Columbia Supreme Court Civil Rules, BC Reg 168/2009 and
the inherent jurisdiction of this Honourable Court;

THIS COURT ORDERS AND DECLARES THAT:

**JURISDICTION**

1.      The Petitioners are companies to which the CCAA applies.

**SUBSEQUENT HEARING DATE**

2.      The hearing of the Petitioners' application for an extension of the Stay Period (as defined in paragraph 15 of this Order) and for any ancillary relief shall be held at the Courthouse at 800 Smithe Street, Vancouver, British Columbia at _____.m. on _____, 2024 or such other date as this Court may order.

**PLAN OF ARRANGEMENT**

3.      The Petitioners shall have the authority to file and may, subject to further order of this Court, file with this Court a plan of compromise or arrangement (hereinafter referred to as the "**Plan**").

**POSSESSION OF PROPERTY AND OPERATIONS**

4.      Subject to this Order and any further Order of this Court, the Petitioners shall remain in possession and control of their current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "**Property**"), and continue to carry on their business (the "**Business**") in the ordinary course and in a manner consistent with the preservation of the Business and the Property. The Petitioners shall be authorized and empowered to continue to retain and employ the employees, consultants, agents, experts, accountants, counsel and such other persons (collectively, "**Assistants**") currently retained or employed by them, with liberty to retain such further Assistants as they deem reasonably necessary or desirable in the ordinary course of business or for carrying out the terms of this Order.

**Cash Management System**

5.     The Petitioners shall be entitled to continue to utilize the central cash management system currently in place as described in the First Antoniadis Affidavit or replace it with another substantially similar central cash management system (the **"Cash Management System"**) and that any present or future bank providing the Cash Management System shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Petitioners of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person (as hereinafter defined) other than the Petitioners, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management System, an unaffected creditor under the Plan with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management System.

6.     The Petitioners shall be entitled, but not required, to pay the following expenses which may have been incurred prior to the Order Date:

(a)     all outstanding wages, salaries, employee and pension benefits (including long and short-term disability payments), vacation pay and expenses (but excluding severance pay) payable before or after the Order Date, in each case incurred in the ordinary course of business and consistent with the relevant compensation policies and arrangements existing at the time incurred (collectively **"Wages"**); and

(b)     the fees and disbursements of any Assistants retained or employed by the Petitioners which are related to the Petitioners' restructuring, at their standard rates and charges, including payment of the fees and disbursements of legal counsel retained by the Petitioners, whenever and wherever incurred, in respect of:

(i)     these proceedings or any other similar proceedings in other jurisdictions in which the Petitioners or any subsidiaries or affiliated companies of the Petitioners are domiciled;

(ii)   any litigation in which the Petitioners are named as a party or are otherwise involved, whether commenced before or after the Order Date; and

(iii)   any related corporate matters.

7.    Except as otherwise provided herein, the Petitioners shall be entitled to pay all expenses reasonably incurred by the Petitioners in carrying on the Business in the ordinary course following the Order Date, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

(a)   all expenses and capital expenditures reasonably incurred and which are necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors' and officers' insurance), maintenance and security services, provided that any capital expenditure exceeding $50,000 shall be approved by the Monitor;

(b)   all obligations incurred by the Petitioners after the Order Date, including without limitation, with respect to goods and services actually supplied to the Petitioners following the Order Date (including those under purchase orders outstanding at the Order Date but excluding any interest on the Petitioners' obligations incurred prior to the Order Date); and

(c)   fees and disbursements of the kind referred to in paragraph 6(b) which may be incurred after the Order Date.

8.    The Petitioners are authorized to remit, in accordance with legal requirements, or pay:

(a)   any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from Wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, (iii) Quebec Pension Plan, and (iv) income taxes or any such claims which are to be paid pursuant to Section 6(3) of the CCAA;

(b)     all goods and services or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Petitioners in connection with the sale of goods and services by the Petitioners, but only where such Sales Taxes accrue or are collected after the Order Date, or where such Sales Taxes accrued or were collected prior to the Order Date but not required to be remitted until on or after the Order Date; and

(c)     any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal property taxes, municipal business taxes or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of secured creditors.

9.      Until such time as a real property lease is disclaimed in accordance with the CCAA, the Petitioners shall pay all amounts constituting rent or payable as rent under real property leases (including, for greater certainty, common area maintenance charges, utilities and realty taxes and any other amounts payable as rent to the landlord under the lease) based on the terms of existing lease arrangements or as otherwise may be negotiated between the Petitioners and the landlord from time to time ("**Rent**"), for the period commencing from and including the Order Date, twice-monthly in equal payments on the first and fifteenth day of the month in advance (but not in arrears). On the date of the first of such payments, any Rent relating to the period commencing from and including Order Date shall also be paid.

10.     Except as specifically permitted herein, the Petitioners are hereby directed, until further Order of this Court:

(a)     to make no payments of principal, interest thereon or otherwise on account of amounts owing by the Petitioners to any of their creditors as of the Order Date except as authorized by this Order;

(b)     to make no payments in respect of any financing leases which create security interests;

(c)     to grant no security interests, trust, mortgages, liens, charges or encumbrances upon or in respect of any of their Property, nor become a guarantor or surety, nor otherwise become liable in any manner with respect to any other person or entity except as authorized by this Order;

(d)     to not grant credit except in the ordinary course of the Business only to their customers for goods and services actually supplied to those customers, provided such customers agree that there is no right of set-off in respect of amounts owing for such goods and services against any debt owing by the Petitioners to such customers as of the Order Date; and

(e)     to not incur liabilities except in the ordinary course of Business.

**RESTRUCTURING**

11.     Subject to such requirements as are imposed by the CCAA, the Petitioners shall have the right to:

(a)     permanently or temporarily cease, downsize or shut down all or any part of their Business or operations and commence marketing efforts in respect of any of their redundant or non-material assets and to dispose of redundant or non-material assets not exceeding $100,000 in any one transaction or $500,000 in the aggregate;

(b)     terminate the employment of such of their employees or temporarily lay off such of their employees as they deem appropriate; and

(c)     pursue all avenues of refinancing for their Business or Property, in whole or part;

all of the foregoing to permit the Petitioners to proceed with an orderly restructuring of the Business (the **"Restructuring"**).

12.     The Petitioners shall provide each of the relevant landlords with notice of the Petitioners' intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal. The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the landlord disputes the Petitioners'

entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any applicable secured creditors who claim a security interest in the fixtures, such landlord and the Petitioners, or by further Order of this Court upon application by the Petitioners, the landlord or the applicable secured creditors on at least two (2) clear days' notice to the other parties. If the Petitioners disclaims the lease governing such leased premises in accordance with Section 32 of the CCAA, they shall not be required to pay Rent under such lease pending resolution of any dispute concerning such fixtures (other than Rent payable for the notice period provided for in Section 32(5) of the CCAA), and the disclaimer of the lease shall be without prejudice to the Petitioners' claim to the fixtures in dispute.

13.     If a notice of disclaimer is delivered pursuant to Section 32 of the CCAA, then: (a) during the period prior to the effective time of the disclaimer, the landlord may show the affected leased premises to prospective tenants during normal business hours on giving the Petitioners and the Monitor 24 hours' prior written notice; and (b) at the effective time of the disclaimer, the landlord shall be entitled to take possession of any such leased premises without waiver of or prejudice to any claims the landlord may have against the Petitioners, or any other rights the landlord might have, in respect of such lease or leased premises and the landlord shall be entitled to notify the Petitioners of the basis on which it is taking possession and gain possession of and re-lease such leased premises to any third party or parties on such terms as the landlord considers advisable, provided that nothing herein shall relieve the landlord of its obligation to mitigate any damages claimed in connection therewith.

14.     Pursuant to Section 7(3)(c) of the *Personal Information Protection and Electronics Documents Act*, S.C. 2000, c. 5 and Section 18(1)(o) of the *Personal Information Protection Act*, S.B.C. 2003, c. 63, and any regulations promulgated under authority of either Act, as applicable (the "**Relevant Enactment**"), the Petitioners, in the course of these proceedings, are permitted to, and hereby shall, disclose personal information of identifiable individuals in their possession or control to stakeholders, their advisors, prospective investors, financiers, buyers or strategic partners (collectively, "**Third Parties**"), but only to the extent desirable or required to negotiate and complete the Restructuring or to prepare and implement the Plan or transactions for that purpose; provided that the Third Parties to whom such personal information is disclosed enter into

confidentiality agreements with the Petitioners binding them in the same manner and to the same extent with respect to the collection, use and disclosure of that information as if they were an organization as defined under the Relevant Enactment, and limiting the use of such information to the extent desirable or required to negotiate or complete the Restructuring or to prepare and implement the Plan or transactions for that purpose, and attorning to the jurisdiction of this Court for the purposes of that agreement.  Upon the completion of the use of personal information for the limited purposes set out herein, the Third Parties shall return the personal information to the Petitioners or destroy it.   If the Third Parties acquire personal information as part of the Restructuring or the preparation and implementation of the Plan or transactions in furtherance thereof, such Third Parties may, subject to this paragraph and any Relevant Enactment, continue to use the personal information in a manner which is in all respects identical to the prior use thereof by the Petitioners.

**STAY OF PROCEEDINGS, RIGHTS AND REMEDIES**

15.     Until and including July 8, 2024, or such later date as this Court may order (the "**Stay Period**"), no action, suit or proceeding in any court or tribunal (each, a "**Proceeding**") against or in respect of the Petitioners or the Monitor, or affecting the Business or the Property, shall be commenced or continued except with the written consent of the Petitioners and the Monitor or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Petitioners or affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court.

16.     During the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Petitioners or the Monitor, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Petitioners and the Monitor or leave of this Court.

17.     Nothing in this Order, including paragraphs 15 and 16, shall: (i) empower the Petitioners to carry on any business which the Petitioners are not lawfully entitled to carry on; (ii) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1

of the CCAA; (iii) prevent the filing of any registration to preserve or perfect a mortgage, charge or security interest (subject to the provisions of Section 39 of the CCAA relating to the priority of statutory Crown securities); or (iv) prevent the registration or filing of a lien or claim for lien or the commencement of a Proceeding to protect lien or other rights that might otherwise be barred or extinguished by the effluxion of time, provided that no further step shall be taken in respect of such lien, claim for lien or Proceeding except for service of the initiating documentation on the Petitioners.

## NO INTERFERENCE WITH RIGHTS

18.     During the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Petitioners, except with the written consent of the Petitioners and the Monitor or leave of this Court.

## CONTINUATION OF SERVICES

19.     During the Stay Period, all Persons having oral or written agreements with the Petitioners or mandates under an enactment for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation, services, utility or other services to the Business or the Petitioners, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with, or terminating the supply of such goods or services as may be required by the Petitioners, and that the Petitioners shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the Order Date are paid by the Petitioners in accordance with normal payment practices of the Petitioners or such other practices as may be agreed upon by the supplier or service provider and the Petitioners and the Monitor, or as may be ordered by this Court.

**NON-DEROGATION OF RIGHTS**

20.     Notwithstanding any provision in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided on or after the Order Date, nor shall any Person be under any obligation to advance or re-advance any monies or otherwise extend any credit to the Petitioners on or after the Order Date. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

**PROCEEDINGS AGAINST DIRECTORS AND OFFICERS**

21.     During the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against the directors or officers of the Petitioners with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Petitioners whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Petitioners, if one is filed, is sanctioned by this Court or is refused by the creditors of the Petitioners or this Court. Nothing in this Order, including in this paragraph, shall prevent the commencement of a Proceeding to preserve any claim against a director or officer of the Petitioners that might otherwise be barred or extinguished by the effluxion of time, provided that no further step shall be taken in respect of such Proceeding except for service of the initiating documentation on the applicable director or officer.

**DIRECTORS AND OFFICERS INDEMNIFICATION AND CHARGE**

22.     The Petitioners shall indemnify their directors and officers against obligations and liabilities that they may incur as directors or officers of the Petitioners after the commencement of the within proceedings, except to the extent that, with respect to any director or officer, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

23.     The directors and officers of the Petitioners shall be entitled to the benefit of and are hereby granted a charge (the **"Directors' Charge"**) on the Property, which charge shall not exceed an aggregate amount of $400,000, as security for the indemnity provided in paragraph 22 of this Order. The Directors' Charge shall have the priority set out in paragraphs 40 and 42 herein.

24.     Notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (b) the Petitioners' directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 22 of this Order.

**APPOINTMENT OF MONITOR**

25.     A&M is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Petitioners with the powers and obligations set out in the CCAA or set forth herein, and that the Petitioners and their shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Petitioners pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

26.     The Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

    (a)     monitor the Petitioners' receipts and disbursements;

    (b)     report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

(c)     advise the Petitioners in their development of the Plan and any amendments to the Plan;

(d)     assist the Petitioners, to the extent required by the Petitioners, with the holding and administering of creditors' or shareholders' meetings for voting on the Plan;

(e)     have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Petitioners, to the extent that is necessary to adequately assess the Petitioners' business and financial affairs or to perform its duties arising under this Order;

(f)     be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order; and

(g)     perform such other duties as are required by this Order or by this Court from time to time.

27.     The Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, or by inadvertence in relation to the due exercise of powers or performance of duties under this Order, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof, and nothing in this Order shall be construed as resulting in the Monitor being an employer or a successor employer, within the meaning of any statute, regulation or rule of law or equity, for any purpose whatsoever.

28.     Nothing herein contained shall require or allow the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, **"Possession"**) of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination

including, without limitation, the *Canadian Environmental Protection Act*, the *Fisheries Act*, the British Columbia *Environmental Management Act*, the British Columbia *Fish Protection Act* and regulations thereunder and any other provincial or federal equivalent thereof (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. For greater certainty, the Monitor shall not, as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

29.     The Monitor shall provide any creditor of the Petitioners with information provided by the Petitioners in response to reasonable requests for information made in writing by such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Petitioners is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Petitioners may agree.

30.     In addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the rights and protections afforded the Monitor by the CCAA or any applicable legislation.

**ADMINISTRATION CHARGE**

31.     The Monitor, counsel to the Monitor, if any, and counsel to the Petitioners shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, by the Petitioners as part of the cost of these proceedings. The Petitioners are hereby authorized and directed to pay the accounts of the Monitor, counsel to the Monitor and counsel to the Petitioners on a periodic basis.

32.     The Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the British Columbia Supreme Court who may determine the manner in which such accounts are to be passed, including by hearing the matter on a summary basis or referring the matter to a Registrar of this Court.

33.     The Monitor, counsel to the Monitor, and counsel to the Petitioners shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of $100,000, as security for their respective fees and disbursements incurred at the standard rates and charges of the Monitor and such counsel, both before and after the making of this Order which are related to the Petitioners' restructuring. The Administration Charge shall have the priority set out in paragraphs 40 and 42 hereof.

**VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER**

34.     The priorities of the Administration Charge and the Directors' Charge, as among them, shall be as follows:

> First – Administration Charge (to the maximum amount of $100,000); and

> Second – Directors' Charge (to the maximum amount of $400,000).

35.     Any security documentation evidencing, or the filing, registration or perfection of, the Administration Charge and the Directors' Charge (collectively, the "**Charges**") shall not be required, and that the Charges shall be effective as against the Property and shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered or perfected subsequent to the Charges coming into existence, notwithstanding any failure to file, register or perfect any such Charges.

36.     Each of the Charges shall constitute a mortgage, security interest, assignment by way of security and charge on the Property and such Charges shall rank in priority to all other security interests, trusts, liens, mortgages, charges and encumbrances and claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**"), in favour of any Person, save and except those claims contemplated by section 11.8(8) of the CCAA.

37.    Except as otherwise expressly provided herein, or as may be approved by this Court, the Petitioners shall not grant or suffer to exist any Encumbrances over any Property that rank in priority to, or *pari passu* with the Charges, unless the Petitioners obtain the prior written consent of the Monitor and the beneficiaries of the Administration Charge and the Director's Charge.

38.    The Charges shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the **"Chargees"**) shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to the BIA, or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, mortgage, security agreement, debenture, sublease, offer to lease or other agreement (collectively, an **"Agreement"**) which binds the Petitioners; and notwithstanding any provision to the contrary in any Agreement:

   (a)    the creation of the Charges shall not create or be deemed to constitute a breach by the Petitioners of any Agreement to which they are a party;

   (b)    none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the creation of the Charges; and

   (c)    the payments made by the Petitioners pursuant to this Order and the granting of the Charges do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

39.    Any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Petitioners' interest in such real property leases.

**SERVICE AND NOTICE**

40.     The Monitor shall (i) without delay, publish in the *Globe and Mail* (National Edition) a notice containing the information prescribed under the CCAA, (ii) within five days after Order Date, (A) make this Order publicly available in the manner prescribed under the CCAA, (B) send, in the prescribed manner, a notice to every known creditor who has a claim against the Petitioners of more than $1000, and (C) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder.

41.     The Petitioners and the Monitor are at liberty to serve this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or electronic transmission to the Petitioners' creditors or other interested parties at their respective addresses as last shown on the records of the Petitioners and that any such service or notice by courier, personal delivery or electronic transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

42.     Any Person that wishes to be served with any application and other materials in these proceedings must deliver to the Monitor by way of ordinary mail, courier, personal delivery or electronic transmission a request to be added to a service list (the **"Service List"**) to be maintained by the Monitor. The Monitor shall post and maintain an up-to-date form of the Service List on its website at: https://www.alvarezandmarsal.com/goodnatured.

43.     Any party to these proceedings may serve any court materials in these proceedings by emailing a PDF or other electronic copy of such materials to counsels' email addresses as recorded on the Service List from time to time, and the Monitor shall post a copy of all prescribed materials on its website at: https://www.alvarezandmarsal.com/goodnatured.

44.     Notwithstanding paragraphs 47 and 49 of this Order, service of the Petition, the Notice of Hearing of Petition, any affidavits filed in support of the Petition and this Order shall be made on the Federal and British Columbia, Alberta, Saskatchewan, Manitoba and Ontario Crowns in

accordance with the *Crown Liability and Proceedings Act*, R.S.C. 1985, c. C-50, and regulations thereto, in respect of the Federal Crown, the *Crown Proceeding Act*, R.S.B.C. 1996, c. 89, in respect of the British Columbia Crown, the *Proceedings Against the Crown Act*, R.S.A. 2000, c. P-25, in respect of the Alberta Crown, the *Proceedings Against the Crown Act, 2019*, S.S. 2019, c. P-27.01, in respect of the Saskatchewan Crown, the *Proceedings Against the Crown Act*, C.C.S.M. c. P140, in respect of the Manitoba Crown, and the *Crown Liability and Proceedings Act*, S.O. 2019 c.7, Sch 17, in respect of the Ontario Crown.

**GENERAL**

45.    The Petitioners or the Monitor may from time to time apply to this Court for directions in the discharge of their powers and duties hereunder.

46.    Nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Petitioners, the Business or the Property.

47.    This court requests the aid and recognition of other Canadian and foreign Courts, tribunal, regulatory or administrative bodies, including any Court or administrative tribunal of any federal or State Court or administrative body in the United States of America, to act in aid of and to be complementary to this Court in carrying out the terms of this Order where required. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Petitioners and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Petitioners and the Monitor and their respective agents in carrying out the terms of this Order.

48.    good natured Products Inc. is hereby authorized and empowered to act as the foreign representative (the "**Foreign Representative**") in respect of these proceedings for the purpose of having these proceedings recognized in a foreign jurisdiction and to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order and the Foreign Representative is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having

these proceedings recognized in a jurisdiction outside Canada, including acting as a foreign representative of the Petitioners to apply to the United States Bankruptcy Court for relief pursuant to Chapter 15 of the *United States Bankruptcy Code*, 11 U.S.C., §§ 101 – 1532, as amended.

49.     Each of the Petitioners and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order and the Monitor is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

50.     The Petitioners may (subject to the provisions of the CCAA and the BIA) at any time file a voluntary assignment in bankruptcy or a proposal pursuant to the commercial reorganization provisions of the BIA if and when the Petitioners determine that such a filing is appropriate.

51.     The Petitioners are hereby at liberty to apply for such further interim or interlocutory relief as they deem advisable within the time limited for Persons to file and serve Responses to the Petition.

52.     Leave is hereby granted to hear any application in these proceedings on two (2) clear days' notice after delivery to all parties on the Service List of such Notice of Application and all affidavits in support, subject to the Court in its discretion further abridging or extending the time for service.

53.     Any interested party (including the Petitioners and the Monitor) may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to all parties on the Service List and to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

54.     Endorsement of this Order by counsel appearing on this application is hereby dispensed with.

55.     This Order and all of its provisions are effective as of 12:01 a.m. local Vancouver time on
the Order Date.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER AND CONSENT
TO EACH OF THE ORDERS, IF ANY, THAT ARE INDICATED ABOVE AS BEING BY
CONSENT:

_____
Signature of
☐ Party   ☑ Lawyer for the Petitioners

_____
Mary Buttery, K.C.

_____
Signature of
☐ Party   ☐ Lawyer for <name of party(ies)>

_____
Name

                         BY THE COURT

                    _____
                    REGISTRAR

Certified a true copy according to
the records of the Supreme Court
at Vancouver, B.C.
DATED:    JUN 2 8 2024

_____
Authorized Signing Officer

              **DRINA READ**



# Schedule "A"

*Canadian Petitioners*

1.     good natured Products Inc.

2.     good natured Real Estate Holdings (Ontario) Inc.

3.     1306187 B.C. Ltd.

4.     good natured Products (CAD) Inc.

5.     good natured Products Packaging Canada GP Inc.

6.     good natured Products Packaging Brampton GP Inc.

7.     good natured Products Industrial Canada GP Inc.

8.     good natured Products Packaging Canada LP

9.     good natured Products Packaging Brampton LP

10.    good natured Products Industrial Canada LP

*US Petitioners*

11.    good natured Products (US) Inc.

12.    good natured Products (Illinois), LLC

13.    good natured Products Real Estate U.S., LLC

14.    good natured Products Packaging US LLC

15.    good natured Products Direct LLC

16.    good natured Products (Texas) LLC

## Schedule "B"

### Appearance List

| NAME | APPEARING FOR |
|---|---|
| **Osler, Hoskin & Harcourt LLP**<br>Suite 3000, Bentall Four<br>1055 Dunsmuir Street<br>Vancouver BC V7X 1K8<br><br>Mary Buttery, K.C.<br>Christian Garton | The Petitioners |
| **McCarthy Tétrault**<br>745 Thurlow Street<br>Suite 2400<br>Vancouver, BC V6E 0C5<br><br>Lance Williams *(remotely)* | The Proposed Monitor, Alvarez & Marsal Canada Inc. |

Norton Rose
1800
510 West Georgia
@          V6E OM3

Candace Formosa
Jennifer Stam
    *(remotely)*

Wells Fargo Capital
Finance Corporation
Canada

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| GOOD NATURED PRODUCTS INC., | ) | Case No. |
| *et al.*,[1] | ) | (Joint Administration Requested) |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | |
| | ) | |

## **OFFICIAL FORM 401 CHAPTER 15 PETITION CONSOLIDATED ATTACHMENTS**

Item 7.  Statement Identifying Foreign Proceedings.

There is only one foreign proceeding, the Canadian Proceeding,[2] as that term is defined in section 101(23) of the Bankruptcy Code that I am aware of with respect to the Debtors.

I, Paul Antoniadis, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that this information is true and correct.

good natured Products Inc.
Solely in its capacity as court-appointed Foreign Representative, not in its personal or corporate capacity.

Dated: July 1, 2024                                        *Paul J Antoniadis*
Vancouver, British Columbia, Canada                  By: Paul Antoniadis
Title: Chief Executive Officer
good natured Products Inc

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are:  good natured Products Inc. (9782); good natured Real Estate Holdings (Ontario) Inc. (9738); 1306187 B.C. Ltd. (9102); good natured Products (CAD) Inc. (3430); good natured Products Packaging Canada GP Inc. (0013); good natured Products Packaging Brampton GP Inc. (1615) ; good natured Products Industrial Canada GP Inc. (9542); good natured Products Packaging Canada LP (5943); good natured Products Packaging Brampton LP (5141); good natured Products Industrial Canada LP (5344); good natured Products (Illinois), LLC (1986); good natured Products Real Estate U.S., LLC (5490); good natured Products (US) Inc. (7740); good natured Products Packaging US LLC (5490); good natured Products Direct LLC (0622); good natured Products (Texas) LLC (2342).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Petition.

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| GOOD NATURED PRODUCTS INC., | ) | |
| *et al.*,[1] | ) | Case No. |
| Debtors in a Foreign Proceeding. | ) | |
| | ) | (Joint Administration Requested) |
| | ) | |

## OFFICIAL FORM 401 CHAPTER 15 PETITION CONSOLIDATED ATTACHMENTS

Item 8.  Disclosure Pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are:  good natured Products Inc. (9782); good natured Real Estate Holdings (Ontario) Inc. (9738); 1306187 B.C. Ltd. (9102); good natured Products (CAD) Inc. (3430); good natured Products Packaging Canada GP Inc. (0013); good natured Products Packaging Brampton GP Inc. (1615) ; good natured Products Industrial Canada GP Inc. (9542); good natured Products Packaging Canada LP (5943); good natured Products Packaging Brampton LP (5141); good natured Products Industrial Canada LP (5344); good natured Products (Illinois), LLC (1986); good natured Products Real Estate U.S., LLC (5490); good natured Products (US) Inc. (7740); good natured Products Packaging US LLC (5490); good natured Products Direct LLC (0622); good natured Products (Texas) LLC (2342).

I, Paul Antoniadis, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the information in the attached list is true and correct.

good natured Products Inc.
Solely in its capacity as court-appointed Foreign Representative, not in its personal or corporate capacity.

Dated: July 1, 2024
    Vancouver, British Columbia
    Canada

By: _Paul J Antoniadis_
Title: Chief Executive Officer
good natured Products, Inc.

77010393;1

**List of Entities Entitled to Notice**
**Pursuant to Bankruptcy Rules 1007(a)(4) and 2002(g)**

**All persons or bodies authorized to administer foreign proceedings of the Debtors.**

good natured Products Inc.
814 – 470 Granville Street
Vancouver, BC, V6C 1V5

good natured Products (CAD) Inc.
5 Abacus Road, Brampton
Ontario, L6T 5B7

good natured Products (US) Inc
814 470 Granville St.
Vancouver, BC, V6C 1V5

good natured Products Packaging US LLC
11413 N Burlington Rd
Richmond, IL 60071

good natured Products Direct LLC
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

good natured Products (Illinois) LLC
11413 N Burlington Rd
Richmond, IL 60071

good natured Products Real Estate U.S. LLC
11413 N Burlington Rd
Richmond, IL 60071

good natured Products (Texas) LLC
11413 N Burlington Rd
Richmond, IL 60071

1306187 B.C. Ltd
814 - 470 Granville Street
Vancouver, BC V6C 1V5

good natured Real Estate Holdings (Ontario) Inc
5 Abacus Road, Brampton
Ontario, L6T 5B7

good natured Products Packaging Canada GP Inc
5 Abacus Road, Brampton
Ontario, L6T 5B7

good natured Products Packaging Brampton GP Inc
5 Abacus Road, Brampton
Ontario, L6T 5B7

good natured Products Packaging Canada LP
814 – 470 Granville Street
Vancouver, BC  V6C 1V5

good natured Products Packaging Brampton LP
5 Abacus Road, Brampton
Ontario, L6T 5B7

good natured Products Industrial Canada LP
814 – 470 Granville Street
Vancouver, BC  V6C 1V5

Alvarez & Marsal Canada (Monitor)
c/o Anthony Tillman, CPA, CA
Cathedral Place Building
925 West Georgia Street, Suite 902
Vancouver, BC   V6C 3L2

**All parties to litigation pending in the United States in which either Debtor is a party at the time of filing of the petition.**

Dan Fosse
31950 Quincy Court Northeast
Cambridge, MN 55008

**Entities against whom provisional relief is sought.**

None.  The Debtors reserve all rights to seek provisional relief in the future.

The Debtors reserve their right to amend and supplement this statement at any time.

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| GOOD NATURED PRODUCTS INC., | ) | Case No. |
| *et al.*,[1] | ) | |
| | ) | (Joint Administration Requested) |
| Debtors in a Foreign Proceeding. | ) | |

**OFFICIAL FORM 401 CHAPTER 15 PETITION CONSOLIDATED ATTACHMENTS**

Item 11.  A Corporate ownership statement containing the information described in Rule 7007.1 of the Federal Rules of Bankruptcy Procedure.

1.  good natured Products Inc. owns 100% of the ownership interests in each of good natured Real Estate Holdings (Ontario) Inc., 1306187 B.C. Limited, and good natured Products (CAD) Inc.

2.  good natured Products (CAD) Inc. owns 100% of the ownership interests in good natured Products (US) Inc. and good natured Products Packaging Canada GP Inc., good natured Products Packaging Brampton GP Inc., and good natured Products Industrial Canada GP Inc.

3.  good natured Products (CAD) Inc owns 99.9% of the ownership interests in each of good natured Products Packaging Canada LP, and good natured Products Industrial Canada LP.

4.  good natured Products Packaging Canada LP has a 99.9% ownership interest in good natured Products Packaging Brampton LP.

5.  good natured Products (US) Inc has a 100% ownership interest in each of:

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are:  good natured Products Inc. (9782); good natured Real Estate Holdings (Ontario) Inc. (9738); 1306187 B.C. Ltd. (9102); good natured Products (CAD) Inc. (3430); good natured Products Packaging Canada GP Inc. (0013); good natured Products Packaging Brampton GP Inc. (1615) ; good natured Products Industrial Canada GP Inc. (9542); good natured Products Packaging Canada LP (5943); good natured Products Packaging Brampton LP (5141); good natured Products Industrial Canada LP (5344); good natured Products (Illinois), LLC (1986); good natured Products Real Estate U.S., LLC (5490); good natured Products (US) Inc. (7740); good natured Products Packaging US LLC (5490); good natured Products Direct LLC (0622); good natured Products (Texas) LLC (2342).

- good natured Products (Illinois), LLC,

- good natured Products Real Estate U.S., LLC,

- good natured Products Packaging US LLC,

- good natured Products Direct LLC, and

- good natured Products (Texas) LLC.

I, Paul Antoniadis, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the information in the attached list is true and correct.

good natured Products Inc.
Solely in its capacity as court-appointed Foreign Representative, not in its personal or corporate capacity.

Dated: July 1, 2024

*Paul G Antoniadis*

Vancouver, British Columbia Canada
By: Paul Antoniadis
Title: Corporate Secretary
good natured Products Inc.